IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARRIANTE SUMBRY, | ) | Civ. No. 07-00136 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER OF DISMISSAL

Before the court is *pro se* Plaintiff Larriante Sumbry's prisoner civil rights Complaint. Plaintiff is incarcerated at the Indiana State Prison, located in Michigan City, Indiana. It is extremely difficult to read Plaintiff's Complaint, which is written in an almost indecipherable code consisting of strings of words and phrases that do not make sense. Attached to the Complaint is approximately an inch of documents from other courts and agencies, with whom Plaintiff has submitted other complaints and claims. From what the court can deduce, Plaintiff names the "Indiana Department of Corrections, Indiana Attorney General, Indiana Governor, Lake County Commissioners, Daniel Bo[?]lovigh, Douglas [?], Barry Nothstine, Lanelle Gray, Bav Peterson, Linda Woods, Dorothy Jones, [and the] Indiana Supreme Court," as defendants to this action. Plaintiff has neither paid the

filing fee in this action nor submitted an *in forma pauperis* application.

It is nearly impossible to determine what Plaintiff's claims are, although he titles his document "Uniform Commercial Code Treaty Law Habeas Corpus and [indecipherable]." It appears that Plaintiff is complaining, at least in part, that Indiana prison administrators are "interfering with correspondence for over eight years, [in] retaliation [indecipherable] for exposing the truth about the draconian systems." (Compl. 1.) Nor is it possible to discern what Plaintiff's prayer for relief is.

## I. BACKGROUND

Plaintiff is no stranger to the courts of the United States, having filed no less than 148 actions in these courts since 1999. *See* U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. ("Pacer"). Plaintiff has no doubt filed many more actions as not all federal courts are represented on Pacer, nor are the state courts. Plaintiff has not only struck out under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), he has also been declared a vexatious litigant by the United States Court of Appeals for the Seventh Circuit and is forbidden to file any action in any court in that circuit, unless and until he satisfies the many sanctions that have been imposed against him. *See Montgomery v. Davis*, 362 F.3d 956, 956 (7th Cir. 2004); *In Re Larrianté J.*

*Sumbry*, No. 02-2565 (7th Cir. Aug. 1, 2002); *Sumbry v. Davis*, No. 03-4332 (7th Cir. Jan. 16, 2004); *Sumbry v. Davis*, No. 03-2937 (7th Cir. March 30, 2004).

Moreover, this court notes that Sumbry has filed over 45 cases in the United States District Court for the Northern District of Indiana which were dismissed *sua sponte* prior to service.[1] In *Montgomery*, the Seventh Circuit specifically sanctioned Sumbry for burdening the district court with copious habeas corpus petitions challenging non-custodial state actions, and for continuing

---

[1] *See e.g., Sumbry v. Indiana State Prison*, Case No. 1:06 CV 002 (N.D. Ind. dismissed Jan. 6, 2006) (filed in the Western District of New York); *Sumbry v. Indiana State Prison*, Case No. 2:06: CV 53 (N.D. Ind. dismissed Feb. 16, 2006) (filed in the Middle District of Tennessee); *Sumbry v. State of Indiana*, Case No. 2:06 CV 227 (N.D. Ind. dismissed July 6, 2006) (filed in the Central District of California); *Sumbry v. Indiana State Prison*, Case No. 3:06 CV 91 (N.D. Ind. dismissed Feb. 13, 2006) (filed in the District of Arizona); *Sumbry v. Indiana State Prison*, Case No. 3:06 CV114 (N.D. Ind. dismissed Feb. 15, 2006) (filed in the District Court for the District of Columbia); *Sumbry v. Indiana State Prison*, Case No. 3:06 CV 332 (N.D. Ind. dismissed May 30, 2006) (filed in the Eastern District of Texas); *Sumbry v. State of Indiana*, Case No. 3:06 CV 440 (N.D. Ind. dismissed July 26, 2006) (filed in the Eastern District of Pennsylvania); *Sumbry v. Indiana State Prison*, Case No. 3:05 CV 759 (N.D. Ind. dismissed Nov. 28, 2005) (filed in the Eastern District of California); *Sumbry v. Davis*, Case No. 3:05 CV 440 (N.D. Ind. dismissed July 27, 2005) (filed in the Eastern District of Virginia); *Sumbry v. Davis*, Case No. 3:05 CV 411 (N.D. Ind. dismissed July 18, 2005) (filed in the District Court for the District of Columbia); *Sumbry v. Davis*, Case No. 3:05 CV 113 (N.D. Ind. dismissed Mar. 7, 2005) (filed in the District of Maryland); *Sumbry v. Davis*, Case No. 3:05 CV 232 (N.D. Ind. dismissed June 10, 2005) (filed in the Northern District of Iowa); *Sumbry v. Davis*, Case No. 3:04 CV 759 (N.D. Ind. dismissed Feb. 1, 2005) (filed in the Southern District of Florida); *Sumbry v. Davis*, Case No. 3:04 CV 439 (N.D. Ind. dismissed July 1, 2004) (filed in the District Court for the District of Columbia); *Sumbry v. Davis*, Case No. 3:04 CV 447 (N.D. Ind. dismissed Nov. 5, 2004) (filed in the Northern District of Oklahoma); *Sumbry v. Davis*, Case No. 2:04 CV 295 (N.D. Ind. dismissed Aug. 2, 2004) (filed in the Southern District of California); *Sumbry v. Davis*, Case No. 1:05 CV 47 (N.D. Ind. dismissed Jan. 26, 2005) (filed in the Middle District of Pennsylvania); *Sumbry v. Indiana State Prison,* Case No. 3:05 CV 759 (N.D. Ind. dismissed Nov. 28, 2005) (filed in the Eastern District of California).

to file frivolous actions despite sanctions imposed. 362 F.3d at 956.

## II. ANALYSIS

A close review of the Complaint indicates that the events and omissions of which Plaintiff complains occurred in Indiana, where he is currently incarcerated. A civil action not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As none of the defendants herein resides in the state of Hawaii, and all of the events giving rise to this action occurred in Indiana, this court clearly is not the proper venue to hear this matter.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. It is apparent that Plaintiff filed this action in this court in an effort to circumvent the bar orders against him in the Northern District of Indiana and in the Seventh Circuit Court of Appeals. In light of Plaintiff's history, this court finds that **it would not be in the**

**interest of justice** to transfer this matter because Plaintiff is barred from filing further civil actions in the Northern District of Indiana or in any court within the Seventh Circuit.  This action is, therefore, DISMISSED.

### III.  CONCLUSION

IT IS HEREBY ORDERED that:

1. The Complaint is DISMISSED for lack of proper venue. This dismissal is without prejudice, but without leave to amend.

2. The court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.  Any requests to appeal *in forma pauperis* should, therefore, be directed to the United States Court of Appeal for the Ninth Circuit.

3. With the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals, Plaintiff will not be allowed to file any further documents in this

\\\
\\\
\\\
\\\
\\\
\\\

action.  The Clerk is DIRECTED to close the file and **should not return** any further filings in this action to Plaintiff.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, March 21, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sumbry v. Indiana Dep't of Corr.*, et al., Civ. No. 07-00136 JMS; ORDER OF DISMISSAL; dmp/Screening Orders/2007/Larriante Sumbry 07-136 (venue).